| 4 | 339 |
| 139 | 247 |
| 4 | 339 |
| 75a | 307 |

JOHN BRUNER *et al.*, plaintiffs in error, *v.* JONATHAN D. MAN-LOVE *et al.*, defendants in error.

*Error to Schuyler.*

A person who entered a tract of land under a Vincennes certificate granted under the "*Act for the relief of certain settlers in the State of Illinois, who reside within the Vincennes Land District,*" to which the occupant was entitled to a preëmption, under the act of May 29th, 1830, and which he subsequently purchased under that act, will, with his grantees, be decreed, in chancery, to convey the land to the preëmptor, and will be enjoined from enforcing a recovery in ejectment.

The possession of a preëmptor is notice to all the world of his claim and title to all the benefits designed to be conferred by the preëmption law.

M. McCONNEL, for the plaintiffs in error, cited Clarke's Dig. Land Laws, 631, 777–8, 890; Francis' Maxims, No. 14; 1 Fonbl. Eq. 521, § 3, and cases there cited; 2 Fonbl. Eq., notes H and L, 519, 521; Miller *et al. v.* Kerr *et al.*, 5 Peters' Cond. R. 202; Hoofnagle *et al. v.* Anderson, *Ibid.* 271.

W. A. MINSHALL, for the defendants in error, cited 10 Johns. 25–6; 14 Johns. 63, 74; 1 Johns. 520; 10 Johns. 544–8; 17 Johns. 367; 18 Johns. 532; 13 Peters 516; 2 Mad. Chan. 281, 356, 337; Mitf. Eq. Plead. 171–3, 105, 116–17, 252, 254; Breese 119, 215–16; 1 Scam. 156; Bodley *et al. v.* Taylor, 2 Peters' Cond. R. 228–9; 3 Peters' Cond. R. 332–3; Taylor & Quarles *v.* Brown, 2 Peters' Cond. R. 336; 2 Peters' Cond. R. 293–4; Simms *v.* Guthrie *et al.*, 3 Peters' Cond. R. 237–40, 333–6; Finly *v.* Williams, 3 Peters' Cond. R. 331–3; Peyton *v.* Smith, 5 Peters 485; McArthur *v.* Browder, 4 Peters' Cond. R. 517; 2 Fonbl. Eq. 447; Lessees of Billington *v.* Welsh, 5 Binn.

129, 131 ; 4 Cowen 717 ; Sug. on Vend. 753–4 ; Boon *v.* Chiles, 10 Peters 223–4 ; Parker *v.* Wallace, 3 Ohio 492 ; 6 Peters 680 ; 7 Peters 271 ; 10 Peters 210–12 ; 7 Peters 253, 271 ; 13 Peters 516 ; 2 Atk. 241 ; Cooper's Eq. 321, 113, 316 ; 2 Johns. Ch. R. 87, 91 ; 1 Johns. Ch. R. 461 ; 6 Johns. Ch. R. 559 ; 1 Johns. Ch. R. 590 ; 2 Johns. Ch. R. 87, 90 ; 3 Johns. Ch. R. 583.

BREESE, Justice, delivered the opinion of the Court :

The decision of the case of Isaacs *v.* Steel, (1) pronounced at this term, renders a particular examination of the various errors assigned and points made by the plaintiffs here, unnecessary.   No material difference is perceived between the two cases, and most of the views presented in the opinion delivered in that case, will apply to this.

It is sufficient to  observe briefly, that the  plaintiffs in error, on the 3d day of August, 1830, entered and  purchased the land in controversy, at the  land office at Springfield, by virtue of a Vincennes' certificate, granted under the act of May 11th, 1820, and obtained the usual certificates thereof.   On the  same day, the defendants in error made proof to the satisfaction of the  same land officers, of their right of preëmption to the land, as required by the act of May 29, 1830, and tendered the money therefor, which was refused, and the case referred to the General Land Office for decision.   The commissioner directed the land officers to receive the money of the defendants in error, and refund that which the plaintiffs in error had paid ; and on the 29th day of January, 1831, their money was received, and a certificate granted them.   They also exhibit the certificate of the register of the same land office, of the entry and  purchase, by them, of the land  under this preëmption act.

The plaintiffs in error having the oldest certificate, brought their action of ejectment in the Schuyler Circuit Court, against the defendants, who were in possession of the land, and had been in possession, cultivating the same, continuously, since 1825, and recovered a verdict and judgment, and threatened to turn them out of possession.

To prevent this, the defendants filed  their bill in chancery, setting forth these facts, charging a knowledge of all of them upon Teel, one of the plaintiffs in error, and alleging a combination between him and the others, Bruner and McConnel, to defraud them, and pray for an injunction to restrain farther proceedings in the ejectment cause, and that the defendants, the plaintiffs in error here, may be decreed to convey all their title and interest to the land to them, and for general relief.

Teel answered, denying the fraud and combination, and demurred, with the other defendants, to the bill, which demurrer was

(1) *Ante* 97.

overruled, and a decree rendered for the complainants, that they be quieted in their possession, as against the defendants; that the defendants' title be set aside, and for nothing esteemed, as to the complainants, and that McConnel be ruled to convey, by quit claim deed, to the complainants, all the right, title, and claim he may have to the land, growing out of the purchase by Bruner, and which Bruner had conveyed to him, in trust, as alleged in the bill, for the joint use of himself, Teel, and McConnel.

The assignment of errors questions the propriety of this decree, the plaintiffs insisting that the possession of the Vincennes' certificate, being issued in 1820, under the act of 11th of May, of that year, gave them a prior equity, to which they had a right to attach the legal estate, by purchase from the United States; that having done so, before the defendants paid for the land, their right must override the defendants. This is the substance of their argument, and to test its soundness, reference must be had to the provisions of the act of May 11, 1820. That act is entitled "*An Act for the relief of certain settlers in the State of Illinois, who reside within the Vincennes Land District.*" (1) The second section of this act, which alone bears on this case, provides, in substance, that every person who would have been entitled to the right of preëmption, in the Vincennes district, according to the provisions of an act of Congress, passed on the 5th day of February, 1813, entitled, "*An Act giving the right of preëmption in the purchase of lands, to certain settlers in the Illinois Territory;*" if that act had been construed so as to embrace them, and who did not, by reason of the construction placed upon it, become the purchaser of any tract of land to which such right of preëmption would have attached, shall be allowed until the 1st day of September next, to prove to the satisfaction of the register and receiver at Vincennes, that they would have been so entitled; and it is made the duty of the register, when such satisfaction is made, to grant a certificate to every such person, or their legal representatives, stating in it, that such person would have been entitled to such right of preëmption, and that he did not become the purchaser of the land, neither at public nor private sale; and every such person, or his legal representative, upon producing such certificate to the register of any land office in the State of Illinois, shall be allowed to enter one-quarter section of land each, at the minimum price, of any land which may be surveyed previous to the 1st day of September, whether the land shall have been offered at public sale or not.

It will be perceived that this act grants no right to any particular quarter section of land, but merely the privilege of paying in the certificate in lieu of money, for such quarter section as might be selected. If the land in controversy had been selected before the passage of the act of the 29th of May, 1830, there is no doubt it

(1) 1 U. S. Laws 329.

could have been paid for in this certificate; the fact being admitted that it was surveyed previous to the 1st day of September, 1820. But it was not; it was not selected for purchase, until after the passage of that act, when the defendants in error had obtained, by settlement and cultivation, an inchoate right to it, and which they had one year thereafter to perfect, by making the required proof, and paying the price demanded.

If, as we have already decided, the payment of money for a tract of land claimed under this law, by a preëmption, by another person, gave to such person no right over the preëmption, payment in a certificate could confer none.

The defendants' claim by possession and occupancy, was open and notorious, and notice to all the world of their equitable title to all the benefits designed to be conferred by the provisions of the preëmption law, and until the expiration of the time limited by it, they had an unquestionable right to avail themselves of those benefits, and no third person could interfere to defeat them. The defendants did avail themselves of these benefits, in the required time, and thus perfected their right against all others.

The demurrer admits all these facts as charged by the defendants in error, in their bill of complaint, and we have no doubt it was properly overruled.

The form of the decree differs somewhat from the special prayer in the bill, but is not repugnant to, or inconsistent with the prayer for general relief.

The decree is therefore affirmed with costs.

*Decree affirmed.*